■ In the Matter of the Claim of DAVID M. SORTINA, Respondent. J. W. GANT & ASSOCIATES, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Kane, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 18, 1989, which assessed the employer for additional unemployment insurance contributions.

---

The employer is a brokerage firm appealing from the decision of the Unemployment Insurance Appeal Board which found claimant and other similarly situated securities sales representatives to be employees for the purposes of unemployment insurance benefits. Having reviewed the record, we are unpersuaded by the employer's arguments and conclude that the decision should be affirmed.

We initially note that the record provides substantial evidence of the requisite indicia of control to support the Board's finding of an employment relationship (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 521). The employer set a strict daily work schedule and imposed monetary penalties for infractions. Claimant was provided a wide variety of free office services, including a telephone and secretarial assistance, along with a desk for a nominal charge. Business cards bearing the employer's name and address were issued with claimant's name and the title "INVESTMENT EXECUTIVE" imprinted thereon. The employer's stationery was used for claimant's correspondence which was mailed at the employer's expense. Attendance at meetings to discuss sales tactics was mandatory and any time off required advanced notification. Sales were approved and commissions set by the employer. Although the employer argues that its control over claimant was designed to meet certain statutory and regulatory requirements (see, Matter of 12 Cornelia St. [Ross], 56 NY2d 895), we find that the record amply demonstrates employer control over claimant outside of its governmental obligations (see, Matter of Cohen [Blinder, Robinson & Co.—Roberts], 67 NY2d 683, affg 112 AD2d 687).

Next, we reject the employer's contention that the Board's decision is unconstitutionally vague. That decision is not a statute and bears no burden to give notice to the employer of "what conduct is forbidden or required". The decision clearly identifies a finding of the requisite employment relationship and concomitantly sustains the Commissioner of Labor's assessment of contributions.

We also reject the employer's argument that it is denied equal protection of the law because Labor Law § 511 (19) excludes certain real estate agents from the statutory definition of "employment" and not securities brokers and sales representatives. States " 'may impose different specific taxes upon different trades and professions' " (Lehnhausen v Lake Shore Auto Parts Co., 410 US 356, 359, quoting Allied Stores v Bowers, 358 US 522, 526-527; see, Williams v Vermont, 472 US 14, 22-23) which do not violate equal protection "if reasonably

related to the object of the legislation" *(Rapid Tr. Corp. v New York,* 303 US 573, 578; *see, Exxon Corp. v Eagerton,* 462 US 176, 196). It is our view that the Legislature could properly and reasonably distinguish between real estate agents and securities sales representatives to allow an exemption for the former without violating the Equal Protection Clause *(see, Matter of Mellis [Catherwood],* 35 AD2d 899, 900). Accordingly, the decision should be affirmed.

Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.