■ In the Matter of DENNY NASH, INC., Doing Business as THE SILVER DOLLAR, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 19, 1990, which assessed Denny Nash, Inc. for additional unemployment insurance contributions.

This appeal concerns the assessment of unemployment insurance contributions from Denny Nash, Inc., which operates a tavern that serves alcoholic beverages and food. During the audit period, the tavern hired either a band or a disc jockey to provide musical entertainment to its patrons two to three times a week. The tavern was ultimately assessed over $2,000 in contributions for the audit period. Nash objected to that portion of the assessment which included payments to a disc jockey and certain musicians on the basis that they were allegedly all independent contractors. Following a hearing, an Administrative Law Judge modified the determination against Nash slightly to show a change in dates, but otherwise sustained the determination as to the merits, citing Labor Law § 511 (1) (b) (1-a). This determination was affirmed by the Unemployment Insurance Appeal Board and this appeal followed.

There must be an affirmance. We have examined the vari-

ous challenges to the validity of Labor Law § 511 (1) (b) (1-a) and the Board's interpretation of that statute and find them to be without merit. Despite Nash's contentions otherwise, the Board's interpretation that this provision created a rebuttable presumption that entertainers performing at its establishment (and others like it) were employees is not irrational and is fully consistent with the legislative history of the statute *(see generally,* Governor's Bill Jacket, L 1986, ch 903). Further, we find nothing improper in the Board's conclusion that the two unsworn self-serving unilateral affidavits submitted by Nash were insufficient to be considered the sort of "written contracts" that would serve to rebut the presumption contained in Labor Law § 511 (1) (b) (1-a).

Nash's remaining contentions, including its claim that the classifications in Labor Law § 511 (1) (b) (1-a) violate its rights to equal protection of the law, have been examined and found to be without merit. We note that Nash incorrectly maintains that the Board was required to promulgate explanatory regulations before applying Labor Law § 511 (1) (b) (1-a). Significantly, State Administrative Procedure Act § 102 (1) expressly excludes the Board from the scope of the application of that statute. Moreover, as this court held in *Matter of Sortina (Gant & Assocs.—Hartnett)* (161 AD2d 922, 923, *appeal dismissed* 76 NY2d 888, *lv denied* 77 NY2d 801), the Board "bears no burden to give notice to the employer of 'what conduct is forbidden or required' " in order to establish or avoid unemployment insurance liability.

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Ordered that the decision is affirmed, without costs.