■ In the Matter of S. DI CARLO, INC., Doing Business as BACKSTAGE, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [651 NYS2d 248] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 19, 1994, which assessed S. Di Carlo, Inc. for additional unemployment insurance contributions.

S. Di Carlo, Inc. (hereinafter Di Carlo) operates a bar and restaurant. Di Carlo was assessed additional unemployment insurance contributions based on payments made to musicians it retained to provide entertainment on weekends. After a hearing, an Administrative Law Judge (hereinafter ALJ) sustained Di Carlo's objection to the assessment and found that the musicians were independent contractors rather than employees. The Unemployment Insurance Appeal Board subsequently reversed the ALJ's decision and upheld the assessment. Di Carlo appeals.

Labor Law § 511 (1) (b) (1-a) includes, in the definition of "employment",

"any service by a person for an employer * * *

"as a professional musician or a person otherwise engaged in the performing arts, and performing services as such for a * * * restaurant, night club or similar establishment unless, by written contract, such musician or person is stipulated to be an employee of another employer".

Di Carlo relies on a written contract it had with the leaders of the bands it hired which specifically provided that the band leader was an independent contractor retaining complete control over the band personnel and the manner of the performance. Further, the band leader was responsible for the payment of all payroll taxes and charges for all band members due under Federal and local laws. Accordingly, Di Carlo argues that the musicians were not its employees under Labor Law § 511 (1) (b) (1-a). We agree.

The Board, in reversing the ALJ, found that in order for Di Carlo to qualify for the statutory exemption, the contract at issue had to specifically state that the musicians were "employees" of another "employer", notwithstanding the fact that this was clearly the import of the contract. We reject this reasoning since the courts, in construing the Unemployment Insurance Law, are "bound to look to the substance rather than to the form" (*Matter of Walker [Reader's Digest—Catherwood]*, 28 AD2d 256, 260). The construction urged by the Board is neither logical nor required by the legislative history of the statute since the subject musicians were not under the direct supervision or control of the bar owner and the band leader was required to provide the musicians with the requisite unemployment insurance coverage.

Finally, our holding in this matter is not in conflict with our prior holding in *Matter of Nash, Inc. (Hartnett)* (177 AD2d 870). In that case, there was no written agreement at all which would have served to rebut the presumption of an employer-

employee relationship between the bar owner and the musician, as set forth in Labor Law § 511 (1) (b) (1-a).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the decision is reversed, with costs, and decision of the Administrative Law Judge reinstated.