■ In the Matter of the Claim of PAMELA C. CHMIEL, Respondent. MAGNO SOUND, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [653 NYS2d 445] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 20, 1995, which assessed Magno Sound, Inc. for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Magno Sound, Inc. operates a sound and video company and provides services such as film mixing, dailies transfers and audio transfers to film producers. It was retained by I.Q. Productions, a subsidiary of Paramount Pictures, to transfer and sync dailies needed for editing the movie "I.Q." In connection with this assignment, Magno Sound hired claimant, a film editor, to perform these services. After the assignment ended, claimant applied for and received unemployment insurance benefits. In addition, Magno Sound was assessed additional unemployment insurance contributions based on claimant's services and those of others similarly situated. Following a hearing, the Unemployment Insurance Appeal Board upheld the assessment, finding that claimant was a statutory employee of Magno Sound under Labor Law § 511 (1) (b) (1-a). Magno Sound appeals.

Labor Law § 511 (1) (b) (1-a) provides that a person is an employee for purposes of receiving unemployment insurance if he or she performs services: "as a professional musician or a person otherwise engaged in the performing arts, and performing services as such for a television or radio station or network, a film production, a theatre, hotel, restaurant, night club or similar establishment." Magno Sound argues that the Board misconstrued this statute in finding that claimant was its employee and not an independent contractor. We disagree.

It is well settled that deference should be given to the Board's interpretation of a statute it is charged with administering as long as that interpretation is rational (*see, Matter of Hodges [Hartnett]*, 171 AD2d 206, 208, *lv denied* 79 NY2d 753). In the case at hand, claimant's services certainly required "artistic or technical skill or expertise" and, therefore, she was clearly "engaged in the performing arts" within the meaning of Labor Law § 511 (1) (b) (1-a). Although Magno Sound argues that it is not a type of business enumerated in the statute, the statute provides that it applies to services performed for "a film production" (Labor Law § 511 [1] [b] [1-a]). Claimant indisputably provided her services in connection with the production of a movie. Inasmuch as it was Magno Sound which retained claimant to provide such services, we find that the Board rationally concluded that claimant was its employee under Labor Law § 511 (1) (b) (1-a). This construction is consistent with the legislative intent behind the statute which is to extend the availability of unemployment insurance and workers' compensation benefits to those in the performing arts (*see*, Bill Jacket, L 1986, ch 903). Accordingly, the Board's decision must be upheld.

Crew III, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.