■ In the Matter of MID AMERICA PRODUCTIONS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. (And Two Other Related Claims.) [699 NYS2d 556] —Mugglin, J. Appeals from three decisions of the Unemployment Insurance Appeal Board, filed June 2, 1998, which, *inter alia*, ruled that Mid America Productions, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Mid America Productions, Inc. produces classical music concerts performed by a large chorus accompanied by an orchestra at Carnegie Hall in New York City. When a soloist is required, Mid America engages one through a talent agency, such as Safimm Corporation. Mid America engaged claimant, a tenor soloist, through Safimm for a concert at Carnegie Hall in June 1997. The Unemployment Insurance Appeal Board ruled that claimant and others similarly situated were statutory employees of Mid America pursuant to Labor Law § 511 (1) (b) (1-a) and that, consequently, Mid America was liable for additional unemployment insurance contributions. Mid America appeals.

Labor Law § 511 (1) (b) (1-a) provides that a person is an employee if he or she provides any service for an employer "as a professional musician or a person otherwise engaged in the performing arts, and performing services as such for a * * * theatre * * * or similar establishment unless, by written contract, such musician or person is stipulated to be an employee of another employer". Mid America argues that the Board misconstrued the statute in finding that claimant and others similarly situated were employees and not independent contractors. We disagree.

There is nothing irrational in the Board's interpretation of Labor Law § 511 (1) (b) (1-a) as establishing that claimant and other soloists engaged to perform at Carnegie Hall are employees of the entity that engages them and produces the concert (*see, Matter of Chmiel [Magno Sound—Sweeney]*, 236 AD2d 686). The Board could rationally conclude that inasmuch as Mid America produced classical music concerts at Carnegie Hall, claimant and other soloists performed for a "theatre * * * or similar establishment" within the meaning of Labor Law § 511 (1) (b) (1-a). *Matter of Franks (McClure—Commissioner of Labor)* (255 AD2d 844) and *Matter of Sims (Hudacs)* (196 AD2d 912), upon which Mid America relies, are distinguishable in that the musicians therein were engaged by various customers to perform at diverse functions or events, including weddings, and therefore did not perform for the type of establishment encompassed by Labor Law § 511 (1) (b) (1-a).

We also find no merit to Mid America's argument that Safimm is the employer and not Mid America. The presumption of an employer-employee relationship created by Labor Law § 511 (1) (b) (1-a) can be rebutted by a written contract establishing that the musician is the employee of another employer (*see, Matter of S. Di Carlo, Inc. [Sweeney]*, 234 AD2d 802). While the written contract need not specifically state that the musician is the employee of another employer, that must be the clear import of the contract (*see, id.*). The letter agreement between Mid America and Safimm regarding claimant does not meet this standard. There is no basis to disturb the Board's decisions and, therefore, they are affirmed.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.