■ In the Matter of COMING SOON LLC, Appellant. COMMISSIONER OF LABOR, Respondent. [10 NYS3d 357]—

Devine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 3, 2013, which assessed

Coming Soon LLC for additional unemployment insurance contributions.

Coming Soon LLC was formed to produce a video drama that it intended to market to film festivals and other commercial outlets. During the last quarter of 2006 and the first quarter of 2007, Coming Soon hired experienced individuals for its video production team. After an audit, the Department of Labor issued an initial determination finding that Coming Soon was liable for $7,151.88 in additional contributions for this period based upon remuneration paid to the individuals working on its video production team, all of whom were found to be employees. Following hearings, an Administrative Law Judge determined that the vast majority of the production team were employees under Labor Law § 511 (1) (b) (1-a), and sustained the assessment of additional contributions as to those employees.[1] Upon review, the Unemployment Insurance Appeal Board affirmed, and Coming Soon now appeals.

Pursuant to Labor Law § 511 (1) (b) (1-a), employment is defined for unemployment insurance purposes to include "any service . . . as . . . a person otherwise engaged in the performing arts, and performing services as such for . . . a film production . . . unless, by written contract, such . . . person is stipulated to be an employee of another employer covered by this chapter." A person is "[e]ngaged in the performing arts" when he or she "perform[s] services in connection with the production of . . . any artistic endeavor which requires artistic or technical skill or expertise" (Labor Law § 511 [1] [b] [1-a]). It was established at the hearing that all of the individuals in question were hired to work on the production of the dramatic video, clearly an "artistic endeavor," and Coming Soon acknowledged that all were hired for their technical or artistic skills and expertise. Further, as the Board noted, Coming Soon did not produce a written agreement for any of the individuals reflecting that they were employees of another employer with regard to this work. Thus, the Board rationally concluded that the individuals in question were employed by Coming Soon (*see Matter of Chmiel [Magno Sound—Sweeney]*, 236 AD2d 686, 687 [1997]; *Matter of Denny Nash, Inc. [Hartnett]*, 177 AD2d 870, 871 [1991]).

Coming Soon's argument is unavailing that it is entitled to rebut the statutory presumption of employment by demonstrating that the individuals do not qualify as employees under the common-law tests for employer-employee relationships (*see*

---

1. The individuals deemed to be independent contractors were a payroll accountant, craft service provider and security guards.

*Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437-438 [2010]). In that regard, "[t]he starting point is always to look to the language itself and[,] where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (*Pultz v Economakis*, 10 NY3d 542, 547 [2008] [internal quotation marks and citations omitted]). The Legislature has defined "with precision" the meaning and scope of the term "employment" under Labor Law § 511 (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 232 [1996]), and was intent upon "extend[ing] the availability of unemployment insurance . . . benefits to those in the performing arts" (*Matter of Chmiel [Magno Sound—Sweeney]*, 236 AD2d at 687, citing Bill Jacket, L 1986, ch 903). Accordingly, as it was established that the individuals are, by statute, employed by Coming Soon and the presumption was not rebutted by the requisite contracts, this is determinative of their status as its employees.[2]

McCarthy, J.P., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.

---

2. To the extent that Department of Labor guidelines may conflict with Labor Law § 511, the statute is controlling (*see Matter of Hines v LaGuardia* 293 NY 207, 216 [1944]).