Matter of Minefee (United Stas. Radio Networks, Inc.--Commissioner of Labor) (2018 NY Slip Op 00210)





Matter of Minefee (United Stas. Radio Networks, Inc.--Commissioner of Labor)


2018 NY Slip Op 00210


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

524880

[*1]In the Matter of the Claim of DELANCE MINEFEE, Claimant.
and
UNITED STATIONS RADIO NETWORKS, INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Loeb & Loeb LLP, New York City (Mark J. Goldberg of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.




MEMORANDUM AND ORDER
McCarthy
, J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 6, 2016, which ruled, among other things, that United Stations Radio Networks, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
United Stations Radio Networks, Inc. syndicates radio programming for third-party radio stations around the country. Separate and apart from the radio programming business, United
also provides third-party radio station clients with a call-in service. Specifically, at the request of a radio station, United books individuals, such as claimant, who are known as callers to be available to call in to or be called by the radio station at a particular time to provide their voice in order to read a liner (such as they love the radio station), pretend to be a person in a given scenario, introduce a topic of discussion or whatever else the radio station needs the caller to say on the air. Following a hearing, an Administrative Law Judge (hereinafter ALJ), among other things, sustained the initial decision that United was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated, finding that United exercised sufficient direction and control over claimant and those similarly [*2]situated to establish an employer-employee relationship. In addition, the ALJ determined that claimant and those similarly situated were statutory employees pursuant to Labor Law § 511 (1) (b) (1-a) given that they were involved in the performing arts. Upon review, the Unemployment Insurance Appeal Board affirmed the ALJ's decision finding that claimant and those similarly situated were employees pursuant to the statutory presumption of Labor Law § 511 (1) (b) (1-a). In view of its decision, the Board concluded that whether United was liable under the common-law theory of an employer-employee relationship was academic. This appeal by United ensued.
Pursuant to Labor Law § 511 (1) (b) (1-a), "[e]mployment" is defined for unemployment insurance purposes to include "any service . . . as . . . a person otherwise engaged in the performing arts, and performing services as such for . . . a radio station or network." A person is "[e]ngaged in the performing arts" when he or she is "performing services in connection with the production of or performance in any artistic endeavor which requires artistic or technical skill or expertise" (Labor Law § 511 [1] [b] [1-a]). "[T]he legislative intent behind the statute . . . is to extend the availability of unemployment insurance and workers' compensation benefits to those in the performing arts" (Matter of Chmiel [Magno Sound, Inc.-Sweeney], 236 AD2d 686, 687 [1997], citing Bill Jacket, L 1986, ch 903; see Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d 1299, 1301 [2015], lv denied 26 NY3d 913 [2015]).
In determining that callers were employees pursuant to Labor Law § 511, the Board specifically found that the "[c]allers needed no qualifications — no artistic or technical skill or talent." Nevertheless, the Board ruled that the callers were engaged in the performing arts and, because the radio station was involved in an artistic endeavor that required artistic or technical skill or talent, were deemed statutory employees due to the use of their voices in connection with that endeavor. In other words, in support of the Board's decision, the Commissioner of Labor urges that it is the overall artistic endeavor, not a claimant's services, that requires "artistic and technical skill or expertise." We find such interpretation irrational as it is inconsistent with the plain language of the statute.
Labor Law § 511 (1) (b) (1-a) addresses the services provided by a person engaged in the performing arts and focuses on the nature of the services performed. A clear reading of the statute establishes that it is the services provided by the individual, not the overall project of an establishment enumerated in the statute, that requires the artistic or technical skill or talent (cf. Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d at 1300-1301 [holding that experienced individuals hired by a film production for their technical or artistic skills and expertise were employees, but not disturbing the Board's determination that payroll accountants, craft service providers and security guards working on the same film were independent contractors]; Matter of Chmiel [Magno Sound, Inc.-Sweeney], 236 AD2d at 686-687 [noting that the claimant's services as a film editor, hired to provide services for a sound and video company, "certainly required 'artistic or technical skill or expertise'"]). In this case, as there is no dispute that the callers' services did not require artistic or technical skill or talent, we find that the statutory presumption for an employee in the performing arts has not been established. As such, we find that the Board's interpretation of the statute was erroneous and its decision must be reversed. Additionally, we note that only general information about the endeavors of the radio stations — which are not deemed to be the employers of the callers — was provided, which was insufficient to support the Board's finding that such endeavors required an artistic or technical skill or talent to produce. Inasmuch as the Board did not address whether United exercised sufficient direction and control over claimant and those similarly situated to establish an employer-employee relationship, we remit the matter for the Board's consideration.
Egan Jr., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.