Matter of Women's Project & Prods., Inc. (Commissioner of Labor) (2020 NY Slip Op 02509)





Matter of Women's Project & Prods., Inc. (Commissioner of Labor)


2020 NY Slip Op 02509


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

527894

[*1]In the Matter of the Women's Project and Productions, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Proskauer Rose LLP, New York City (Hayley H. Fritchie of counsel), for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.



Clark, J.P.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed May 25, 2018, which ruled, among other things, that The Women's Project and Productions, Inc. was liable for additional tax contributions on remuneration paid to certain individuals, and (2) from a decision of said Board, filed December 6, 2018, which, upon reopening and reconsideration, among other things, adhered to its prior decision.
The Women's Project and Productions, Inc. (hereinafter WPP) is a nonprofit, off-Broadway theater company that produces plays written and directed by women. Following an audit of WPP's records and books, the Department of Labor concluded that WPP owed additional tax contributions on remuneration paid to certain individuals whom WPP had treated as independent contractors but, in the opinion of the Department, were employees. An informal conference ensued, a revised audit figure was computed and a hearing thereafter was held regarding whether the contested categories of workers — namely, artistic advisors, casting directors, designers, directors/
choreographers, graphic designers, lab artists and teaching artists — were employees of WPP or independent contractors.
An Administrative Law Judge (hereinafter ALJ) largely ruled in favor of WPP, finding that — with the exception of teaching artists — the statutory presumption of employment embodied in Labor Law § 511 (1) (b) (1-a) either did not apply or had been successfully rebutted and that the record did not otherwise demonstrate that WPP exercised sufficient direction and control over the contested categories of workers to render them employees. The Commissioner of Labor appealed to the Unemployment Insurance Appeal Board, challenging the ALJ's decision with respect to the categories of artistic advisors, casting directors, designers, directors/choreographers and lab artists.[FN1] The Board modified the ALJ's decision as to those categories of workers, finding that WPP failed to rebut the statutory presumption of employment, and upheld the additional tax contributions imposed upon WPP based upon remuneration paid to workers in those categories during the audit period. Upon WPP's application for reconsideration/reopening, the Board reopened the matter, made additional findings and otherwise adhered to its prior decision. These appeals ensued.
Preliminarily, any assertion by WPP that it either was unaware that the statutory presumption set forth in Labor Law § 511 (1) (b) (1-a) would be applied to this matter or was not afforded a full opportunity to tender proof in this regard is belied by the record. The Department invoked the cited statutory provision as early as July 2010, and the ALJ stated at the administrative hearing that WPP "[could] submit whatever documents [it] want[ed]" in support of its position. The fact that WPP elected to proceed utilizing a sampling of representative individuals and/or agreements for workers in the contested categories did not deprive it of an opportunity to fully develop the administrative record.
Turning to the merits, Labor Law § 511 (1) (b) (1-a) defines employment, in relevant part, as "any service by . . . a person otherwise engaged in the performing arts, and performing services as such for a . . . theatre . . . unless, by written contract, such . . . person is stipulated to be an employee of another employer covered by this chapter" (see Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d 1299, 1300 [2015], lv denied 26 NY3d 913 [2015]; Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d 656, 656 [1999]). The statute further provides that the phrase "'[e]ngaged in the performing arts' shall mean performing services in connection with the production of or performance in any artistic endeavor which requires artistic or technical skill or expertise" (Labor Law § 511 [1] [b] [1-a]; see Matter of Minefee [United Stas. Radio Networks, Inc.-Commissioner of Labor], 157 AD3d 1093, 1094 [2018]). The statute, which was designed "to extend the availability of unemployment insurance and workers' compensation benefits to those in the performing arts" (Matter of Minefee [United Stas. Radio Networks, Inc.-Commissioner of Labor], 157 AD3d at 1094 [internal quotation marks and citation omitted]), creates a rebuttal presumption of employment (see Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d at 1300-1301).
WPP does not dispute that the workers in each of the contested categories (artistic advisors, casting directors, designers, directors/choreographers and lab artists) provided various services for WPP in its capacity as a theatre company and, in so doing, were engaged in the performing arts by virtue of the artistic or technical skill and/or expertise that they provided — be it casting suitable actors for WPP's productions, directing the actors on stage, choreographing their movements or designing costumes, lighting, scenery and sound for the productions (compare Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d at 1300, and Matter of Chmiel [Magno Sound-Sweeney], 236 AD2d 686, 687 [1997], with Matter of Minefee [United Stas. Radio Networks, Inc.-Commissioner of Labor], 157 AD3d at 1095). Thus, the contested categories of workers fell within the statutory definition of employment unless WPP came forward with sufficient evidence to rebut the statutory presumption (see Labor Law § 511 [1] [b] [1-a]).
In arguing that it met its burden of proof, WPP primarily relies upon written agreements entered into with individuals in certain of the contested categories, as well as checklists prepared by individuals rendering services in the categories at issue. Although the written agreements indeed indicate that the individuals in question were providing services as independent contractors or freelance artists, none of the subject agreements stated that the individuals were employees of another covered employer (see Labor Law § 511 [1] [b] [1-a]). Additionally, based upon a fair reading of the written agreements, we cannot conclude that the "clear import" of the agreements reflected that the workers at issue were the employees of another covered employer (Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d at 657; compare Matter of S. Di Carlo Inc. [Sweeney], 234 AD2d 802, 803 [1996]). Further, contrary to WPP's contention, the checklists cannot cure the deficiencies in the written agreements, as the agreements provided that they could be modified only by a writing signed by both parties and the checklists were signed only by the relevant worker. Accordingly, under the circumstances, the Board rationally concluded that WPP failed to rebut the statutory presumption of employment (see Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d at 1300; Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d at 657). WPP's related claim — "that it is entitled to rebut the statutory presumption of employment by demonstrating that the individuals do not qualify as employees under the common-law tests for employer-employee relationships" — is unpersuasive (Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d at 1300). WPP's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, the Board's decisions are affirmed.
Mulvey, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: WPP did not challenge the ALJ's decision finding that teaching artists were employees of WPP.