Matter of Skytown Entertainment, LLC (Commissioner of Labor) (2020 NY Slip Op 03163)





Matter of Skytown Entertainment, LLC (Commissioner of Labor)


2020 NY Slip Op 03163


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

529611

[*1]In the Matter of Skytown Entertainment, LLC, Appellant, Commissioner of Labor, Respondent.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Steven A. Beeson, New York City, for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.



Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 2018, which ruled, among other things, that SkyTown Entertainment, LLC was liable for additional contributions on remuneration paid to certain individuals.
SkyTown Entertainment, LLC is a video and film production company that, upon a client's request, assembles a production crew for the project at hand. Following an audit of SkyTown's records and books, the Department of Labor concluded that SkyTown owed additional contributions on remuneration paid to 15 individuals who SkyTown deemed to be independent contractors but the Department viewed as employees. SkyTown conceded that one of the individuals was an employee, and a hearing was held to determine whether the remaining workers in the contested categories — director of photography, cameraperson/assistant cameraperson, audio engineer, key grip, gaffer, set assistant, hair/makeup artist, copyrighter, editor and cinematographer — were SkyTown's employees or independent contractors. An Administrative Law Judge ruled in favor of SkyTown but, upon the Commissioner of Labor's appeal, the Unemployment Insurance Appeal Board reversed, finding, among other things, that the 14 individuals at issue were statutory employees pursuant to Labor Law § 511 (1) (b) (1-a). This appeal by SkyTown followed.
Pursuant to Labor Law § 511 (1) (b) (1-a), the term "employment" includes "any service by . . . a person otherwise engaged in the performing arts, and performing services as such for . . . a film production . . . unless, by written contract, such . . . person is stipulated to be an employee of another employer covered by this chapter" (see Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d 1299, 1300 [2015], lv denied 26 NY3d 913 [2015]; Matter of Chmiel [Magno Sound-Sweeney], 236 AD2d 686, 686 [1997]; see generally Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d 656, 656 [1999]). As used in the statute, the phrase "'[e]ngaged in the performing arts' shall mean performing services in connection with the production of or performance in any artistic endeavor which requires artistic or technical skill or expertise" (Labor Law § 511 [1] [b] [1-a]; see Matter of Minefee [United Stas. Radio Networks, Inc.-Commissioner of Labor], 157 AD3d 1093, 1094 [2018]).
SkyTown readily acknowledges that it is a video and film production company, and it does not dispute that the individuals in question — variously referred to as technicians or artists — were engaged in the production of artistic endeavors requiring the particular skills or expertise that each possessed. As such, the record fully supports the Board's finding that the individuals at issue were statutory employees within the meaning of Labor Law § 511 (1) (b) (1-a). Additionally, as SkyTown admittedly did not enter into written contracts with any of the workers in the contested categories, it necessarily follows that SkyTown "did not produce a written agreement . . . reflecting that [the subject individuals] were employees of another employer with regard to [the] work" performed (Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d at 1300). Finally, contrary to SkyTown's assertion, it cannot "rebut the statutory presumption of employment by demonstrating that the individuals do not qualify as employees under the common-law tests for employer-employee relationships" (id.). SkyTown's remaining arguments have been examined and found to be lacking in merit. Accordingly, the Board's decision is affirmed.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.