Matter of Schalberg (Broadway Pops Intl., Inc.--Commissioner of Labor) (2022 NY Slip Op 06302)

Matter of Schalberg (Broadway Pops Intl., Inc.--Commissioner of Labor)

2022 NY Slip Op 06302

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

532959
[*1]In the Matter of the Claim of Jeremiah Schalberg, Respondent. Broadway Pops International, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Feldman, Golinski, Reedy & Ben-Zvi PLLC, New York City (Leslie H. Ben-Zvi of counsel), for appellant.
Teresa C. Mulliken, Harpersfield, for Jeremiah Schalberg, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Commissioner of Labor, respondent.

Lynch, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 8, 2020, which ruled, among other things, that Broadway Pops International, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
In 2013, claimant, a professional singer, entered into a written agreement with Broadway Pops International, Inc. (hereinafter BPI) to perform in concerts booked in various venues by BPI. In 2014, claimant filed an application for unemployment insurance benefits and the Department of Labor determined that he was an employee of BPI entitled to benefits, and that BPI was liable for additional contributions on remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained those determinations, finding an employer-employee relationship based upon a finding that BPI exercised overall control of claimant's work and, also, that claimant was a statutory employee pursuant to Labor Law § 511 (1) (b) (1-a). Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed, and BPI appeals.
We affirm. Labor Law § 511 (1) (b) (1-a) defines employment as "any service by . . . a professional musician or a person otherwise engaged in the performing arts, and performing services as such for a television or radio station or network, a film production, a theatre, a hotel, restaurant, night club or similar establishment unless, by written contract, such . . . person is stipulated to be an employee of another employer covered by this chapter" (see Matter of SkyTown Entertainment, LLC [Commissioner of Labor], 184 AD3d 931, 932 [3d Dept 2020]; Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d 1299, 1300 [3d Dept 2015], lv denied 26 NY3d 913 [2015]). It is undisputed that claimant was engaged in the performing arts within the meaning of Labor Law § 511 (1) (b) (1-a). The Board credited evidence in the record that BPI engaged claimant to perform in shows and concerts that BPI produced and offered to various venues, including theatres and civic centers. Although BPI maintains in its brief that it "is not a producer and not engaged in theater production," the letter agreement between BPI and claimant identifies BPI as "an international production company," and expressly provides that the 10% management fee charged for bookings would not apply when BPI "produces the engagement." In our view, the Board's finding that, pursuant to Labor Law § 511 (1) (b) (1-a), claimant was an employee of BPI, the entity that engaged his services and produced the shows, is rational (see Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d 656, 656 [3d Dept 1999]; Matter of Chmiel [Magno Sound-Sweeney], 236 AD2d 686, 687 [3d Dept 1997). Given that BPI produced the shows and concerts at theatres and civic centers, the Board could rationally conclude that claimant performed for "a theatre . . . or similar [*2]establishment" within the meaning of Labor Law § 511 (1) (b) (1-a) (see Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d at 656).
BPI could have rebutted the presumption of an employment relationship created by Labor Law § 511 (1) (b) (1-a) by producing a written contract either expressly stipulating that claimant was an employee of another employer or indicating that such a stipulation is "clearly the import of the contract" (Matter of S. Di Carlo, Inc. [Sweeney], 234 AD2d 802, 803 [3d Dept 1996]; see Matter of Women's Project & Prods., Inc [Commissioner of Labor], 182 AD3d 944, 946 [3d Dept 2020], lv denied 37 NY3d 904 [2021]). While the written agreements in the record indicate that claimant was providing his services as an independent contractor, the agreements do not state that claimant is an employee of another employer or reflect that the "clear import" of the agreements was to stipulate as such (Matter of Women's Project & Prods., Inc [Commissioner of Labor], 182 AD3d at 946 [internal quotation marks and citation omitted]). Finally, while BPI submits a subsequent decision of an ALJ regarding another matter dealing with BPI but with a different claimant, the finding in that matter is irrelevant inasmuch as the ALJ expressly distinguished the facts of that claim with the facts of the claim currently before us. BPI's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.