Matter of Griffs Global Corp. (Commissioner of Labor) (2022 NY Slip Op 06670)

Matter of Griffs Global Corp. (Commissioner of Labor)

2022 NY Slip Op 06670

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

534250
[*1]In the Matter of Griffs Global Corp., Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Spencer L. Schneider, P.C., New York City (Spencer L. Schneider of counsel), for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.

Lynch, J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 1, 2021, which, among other things, ruled that Griffs Global Corp. was liable for additional unemployment insurance contributions on remuneration paid to certain categories of workers.
Griffs Global Corp. operates a supper club in New York City known as Duane Park. In addition to employing approximately two dozen individuals as servers, bartenders, bussers, runners, kitchen staff and management personnel, Griffs engaged various performers (singers, dancers, actors and musicians) to provide live entertainment at the club. Following a field audit, the Department of Labor issued a determination finding that Griffs was liable for additional unemployment insurance contributions — totaling approximately $17,000 for the period encompassing the first quarter of 2014 through the fourth quarter of 2016 — based upon remuneration paid to individuals who performed services for Griffs as singers, actors, musicians, dancers and a pastry chef. At the conclusion of the ensuing hearing, the Administrative Law Judge, among other things, overruled the determination with respect to the singers, actors, musicians and dancers (hereinafter collectively referred to as the performers) and sustained the determination as to the pastry chef. The Department appealed as to the performers, and the Unemployment Insurance Appeal Board reversed that portion of the Administrative Law Judge's decision, finding that the performers were statutory employees within the meaning of Labor Law § 511 (1) (b) (1-a) and sustaining the additional contributions assessed. Griffs appeals.
Pursuant to Labor Law § 511 (1) (b) (1-a), the term employment includes "any service by a person for an employer
. . . as a professional musician or a person otherwise engaged in the performing arts, and performing services as such for a
. . . restaurant, night club or similar establishment unless, by written contract, such musician or person is stipulated to be an employee of another employer covered by [the Labor Law]" (see Matter of SkyTown Entertainment, LLC [Commissioner of Labor], 184 AD3d 931, 932 [3d Dept 2020]; Matter of Women's Project & Prods., Inc. [Commissioner of Labor], 182 AD3d 944, 945 [3d Dept 2020], lv denied 37 NY3d 904 [2021]). "The statute, which was designed to extend the availability of unemployment insurance and workers' compensation benefits to those in the performing arts, creates a rebuttal presumption of employment" (Matter of Women's Project & Prods., Inc. [Commissioner of Labor], 182 AD3d at 945 [internal quotation marks and citations omitted]) — a presumption that may be rebutted by a written contract establishing that the performer in question is the employee of another covered employer (see Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d 656, 657 [3d Dept 1999]). In this regard, although "the written contract need not specifically state that the [performer] is the employee of another employer[*2], that must be the clear import of the contract" (id.). If the statutory presumption is not rebutted by the contract at issue, the presumption is determinative of the performer's status as an employee (see Matter of Coming Soon LLC [Commissioner of Labor], 128 AD3d 1299, 1301 [3d Dept 2015], lv denied 26 NY3d 913 [2015]). In other words, the statutory presumption cannot be rebutted "by demonstrating that the [performers] do not qualify as employees under the common-law tests for employer-employee relationships" (Matter of SkyTown Entertainment, LLC [Commissioner of Labor], 184 AD3d at 933 [internal quotation marks and citation omitted]).
There is no dispute that the performers here were engaged in the performing arts within the meaning of the statute and, hence, qualify as employees under Labor Law § 511 (1) (b) (1-a) in the first instance. Rather, the sole contested issue is whether a provision contained within the written agreements executed by the performers established that they were "employee[s] of another employer covered by [the Labor Law]" (Labor Law § 511 [1] [b] [1-a]). To that end, paragraph No. 8 of the performers' contracts with Griffs provides, in relevant part, that Griffs "is not nor shall become [the performers'] employer, as other corporations employ them" (emphasis added).[FN1]
The Board characterized this contractual provision as "vague" and reasoned that it "does not constitute a stipulation that the individuals are employees of another employer covered by the chapter with respect to the work they perform for [Griffs]" (emphasis added). In effect, the Board concluded that the reference to other employers left uncertain whether that other employment pertained to the same work at issue. That reasoning, however, disregards the sentence of paragraph No. 8 in which the performers agreed "to furnish their insurance certificate and [w]orkers [c]ompensation [p]olicy" upon request. Pertinent in that regard is that the performers were contractually obligated to indemnify Griffs for tort claims arising out of their performances. Read together, we conclude that the clear import of this written contract was that the performers were employees of other employers within the meaning of Labor Law § 511 (1) (b) (1-a) (see Matter of S. Di Carlo, Inc. [Sweeney], 234 AD2d 802, 803 [3d Dept 1996]; compare Matter of Mid Am. Prods. [Commissioner of Labor], 267 AD2d at 657). Accordingly, the Board's decision is reversed.
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is reversed, on the law, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: We take note that the record includes separate contracts for musicians, dancers and variety acts. Paragraph No. 8 only appears in the musician and dancer contracts. A witness for Griffs testified that each contract contained the identical language, and respondent does not dispute that representation.